## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    CRIMINAL ACTION

**VERSUS**                                           No. 24-221

**AARON TEROD JOHNSON**                              SECTION I

### ORDER

Before the Court is the government's motion[1] *in limine* to preclude improper evidence, testimony, or argument. Defendant Aaron Terod Johnson ("Johnson") filed a response[2] in opposition. For the foregoing reasons, the Court **GRANTS IN PART**, **DEFERS IN PART**, and **DISMISSES IN PART** the government's motion.

### I.    BACKGROUND

The superseding indictment charges Johnson with three counts: sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2) (Count 1); coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count 2); and interstate transportation of a minor for criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (Count 3).[3] The minor victim with respect to these crimes shall be referred hereinafter as "Minor Victim."

The government's motion *in limine* seeks to preclude introduction of eight categories of evidence, testimony, or argument that it believes, based in part on

---

[1] R. Doc. No. 73.
[2] R. Doc. No. 79.
[3] *See generally* R. Doc. No. 51.

Johnson's prior statements to law enforcement and in recorded jail calls,[4] may arise at trial. In particular, the government argues that Johnson should be precluded from introducing any of the following:

1. Uncharged innocent acts and "good deeds;"

2. That [Johnson's] conduct should not be criminalized or prosecuted federally;

3. That the instant prosecution is racially motivated;

4. Prior statements [Johnson] made to witnesses or third parties;

5. Potential consequences of conviction;

6. Jury nullification in all forms;

7. Lack of knowledge, or mistake, of Minor Victim's age regarding Counts One and Three; and

8. Impeachment of Government witnesses at trial through the use of reports authored by law enforcement agents.[5]

Johnson filed an opposition responding to each of the eight categories that the government seeks to exclude.[6] The Court will address the parties' arguments with respect to each of the eight categories in turn.

## II.    LAW AND ANALYSIS

### 1.    *Uncharged innocent acts and "good deeds"*

The first category of evidence the government seeks to exclude is evidence of Johnson's "uncharged innocent acts and good deeds."[7] Specifically, the government

---

[4] *See* R. Doc. No. 73-1, at 6, 10, 12.
[5] R. Doc. No. 73, at 1.
[6] *See generally* R. Doc. No. 79.
[7] R. Doc. No. 73-1, at 3.

seeks to exclude any "information about [Johnson's] educational degrees, career, accolades from teaching, involvement in a church or community, or examples of interactions with minors he did not pursue sexually."[8] Similarly, the government seeks to limit any statements "aggregate[ing] or summariz[ing] multiple prior good acts or an absence of bad acts."[9] According to the government, this evidence is both "irrelevant and prejudicial," and its admission is barred by Federal Rules of Evidence 404(a) and 405.

Johnson recognizes in his response that there are "general prohibitions to introducing character evidence."[10] However, he maintains that should he take the stand, "he should certainly be permitted to testify as to his background, education, and upbringing, as many witnesses do."[11] Further, Johnson argues that evidence of his truthful character is admissible if his "character for truthfulness is attacked," and that that evidence "may . . . include some of the information highlighted by the Government."[12]

Federal Rule of Evidence 404 generally prohibits the introduction of character evidence with limited, enumerated exceptions. *See generally* Fed. R. Evid. 404 (a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). In a criminal case, for example, the defendant may introduce evidence of his

---

[8] *Id.* at 5.
[9] *Id.* at 4.
[10] R. Doc. No. 79, at 2.
[11] *Id.*
[12] *See id.*

"pertinent trait," and "if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). "In the criminal context, a pertinent trait is one that is relevant to the offense charged." *United States v. Baker*, No. 24-99, 2025 WL 1866022, at *1 (E.D. La. July 7, 2025) (Vance, J.) (quoting *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002)).

"Rule 405 establishes the methods by which a defendant may prove character." *Id.* at *2. The rule limits the method by which pertinent character evidence may be introduced "to testimony about the person's reputation or by testimony in the form of an opinion," meaning "Rule 405(a) precludes such evidence from taking the form of specific instances in which the defendant acted in conformity with that trait." *United States v. Warren*, No. 10-154, 2010 WL 4668345, at *2 (E.D. La. Nov. 4, 2010) (Africk, J.); Fed. R. Evid. 405(a).

However, a defendant may introduce specific instances of conduct as evidence of character in "cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense . . ." Fed. R. Evid. 405(b); *see also United States v. Gulley*, 526 F.3d 809, 818 (5th Cir. 2008) ("Rule 405(b) . . . limits the use of specific prior acts to cases where character is at issue 'in the strict sense' because that method of proof 'possess[es] the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time.'") (quoting Fed. R. Evid. advisory comm. notes). In addition, "[o]n cross-examination of [a] character witness, the court may allow an inquiry into relevant specific instances of the person's conduct." Fed. R. Evid. 405(a).

4

Johnson's character is not an "essential element" of the charges against him. *See* §§ 1591(a), 2422(b), 2423(a). Accordingly, the Court agrees with the government that Johnson may not introduce prior good acts as evidence of his character. Additionally, the Court agrees that evidence of Johnson's interactions with minors he did not pursue sexually are irrelevant to whether he committed the charged offenses. *Cf. Marrero*, 904 F.2d at 260 ("The fact that [the defendant] did not overcharge in every instance in which she had an opportunity to do so is not relevant to whether she, in fact, overcharged as alleged in the indictment.").

However, the Court agrees with Johnson that he is allowed to testify to his background, education, and upbringing, generally. The parameters of such testimony will be decided at trial.

### 2.    *Evidence, comment, and argument suggesting that Johnson's conduct should not be criminalized*

The second type of testimony that the government seeks to limit is testimony suggesting that "(1) the Minor Victim was a willing participant, (2) Johnson treated her well, and (3) Johnson actually cared about the Minor Victim."[13] The government also seeks to limit testimony regarding the state age of consent.[14] It argues that such testimony is irrelevant[15] and is likely to confuse the jury.[16]

---

[13] R. Doc. No. 73-1, 6.

[14] *See id.*

[15] *See id.*

[16] *See id.* at 6–7 ("In short, the evidence, comment, and argument this motion seeks to preclude are not relevant in the trial of the charged crimes; they have zero probative value in this case. . . . Additionally, and independently, even if the Court finds this evidence and comment to be relevant, that evidence should be excluded

Johnson objects to this limitation to the extent that it "impedes on his ability to challenge the Government's case relative to individual elements of the charges themselves."[17]

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Louisiana state age of consent is irrelevant to the crimes with which Johnson is charged; the pertinent age with respect to each statute is 18 years old, as is explicitly contained in the text of each statute. *See* § 1591(a) (". . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act . . ."); § 2422(b) (". . . any individual who has not attained the age of 18 years . . ."); § 2423(a) (". . . transports an individual who has not attained the age of 18 years . . ."). Johnson's belief that a younger age of consent does or should apply is also irrelevant. *Cf. United States v. Kallestad*, 51 F.3d 1044 (5th Cir. 1995) (finding the defendant's belief that seventeen year olds were "legal" only "hurt [the defendant,] since it further support[ed] the existence of knowledge on his part for the age of his seventeen-year-old subjects").

---

because it creates the substantial risk that the jury will be unfairly prejudiced and confused.").
[17] R. Doc. No. 79, at 3.

Furthermore, introduction of this evidence has a substantial danger of confusing the jury. As the Eighth Circuit reasoned in *United States v. Lazzaro*: "Reference to whether [the defendant] complied or attempted to comply with [state] law would only confuse the issues. He was charged with violating § 1591, and the relevant age under that statute is 18, regardless of what state law permits." 129 F.4th 514, 530 (8th Cir. 2025), *cert. denied*, No. 25-150, 2025 WL 2824204 (U.S. Oct. 6, 2025). The government's motion is therefore granted with respect to introduction of the state age of consent.

Likewise, the Court struggles to understand how any evidence that Johnson "cared about the Minor Victim" or "treated her well" would be relevant to Johnson's defense against any of the elements of the charged offenses unless specific testimony is used to contradict the testimony of the Minor Victim. For this reason, the Court grants the government's motion in these respects, and such evidence or argument may not be introduced at trial. The Court defers ruling on all remaining arguments, evidence, or testimony that may fall within this category.

### 3.    *Argument or Inference that Johnson's Prosecution is Racially Motivated*

For its third category, the government seeks to preclude Johnson from introducing argument or inference that his prosecution is racially motivated.[18] As a threshold matter, the government argues that such argument is "improper for a jury to decide" because it is a legal issue that, had Johnson wanted to raise it, should have

---

[18] R. Doc. No. 73-1, at 8.

been raised in a pretrial motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(1).[19] More importantly, the government emphasizes that Johnson's "prosecution is the result of an impartial, thorough investigation and the extended presentation of competent evidence before a federal grand jury. The grand jury's decision to prosecute was based upon its impartial assessment of the evidence and not upon race, prejudice, or other illegitimate motives."[20]

Johnson's counsel stated in response that she "has no intention of making that argument at trial, unless new facts should arise through testimony of one of the Government's witnesses and would be relevant to the actions of law enforcement personnel in this case."[21] For this reason, Johnson asks that the Court "rule as it becomes relevant or an issue at trial."[22]

Given Johnson's representation that he will not make these arguments at trial at this time, the Court dismisses this portion of the government's motion *in limine* as moot. *See Daggs v. Gulf Offshore Logistics, LLC*, No. 19-00071, 2020 WL 13888143, at *1 (E.D. La. Feb. 10, 2020) (Ashe, J.) (dismissing the plaintiff's motion in limine as moot because the defendants represented that they did "not intend to introduce such evidence"). As with all its rulings on motions *in limine*, the Court retains its power to revisit issues or overrule itself should the evidence at trial evince the need to do so. *See LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 479 (E.D. La. 2013) (Brown,

---

[19] *See id.*

[20] *See id.* at 10.

[21] R. Doc. No. 79, at 3.

[22] *Id.*

J.) ("The Fifth Circuit has instructed . . . that a district court has a duty to reconsider its interlocutory decisions, including those related to *motions in limine*. The Fifth Circuit has suggested that 'the duty to reconsider a ruling is triggered when the court receives positive proof that its prior ruling was erroneous.'" (quoting *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1332 (5th Cir. 1996)).

### 4. *Johnson's Prior Statements to Witnesses or Third Parties*

In its fourth argument, the government seeks to limit Johnson from admitting or introducing statements he made to third parties.[23] Specifically, the government seeks to limit the "self-serving" statements that Johnson made to law enforcement after he was arrested in August 2024 and in jail calls that "he was 'baited' into commercial sex with Minor Victim, that he was 'blackmailed,' that he only paid Minor Victim so that she would not report him, that he did not know that Minor Victim was sixteen years old when he transported her,[24] and that he thought he had Minor Victim's family's 'permission' to have sex with Minor Victim."[25] The government recognizes that Johnson "may testify to these purported beliefs at trial, but he may not introduce his own exculpatory out-of-court statements to improperly avoid cross examination."[26]

Johnson, in response, argues that "if the Government seeks to introduce calls Mr. Johnson made discussing his case and making admissions, the jury should be

---

[23] R. Doc. No. 73-1, at 12.
[24] *See infra* subsection II.7.
[25] *See* R. Doc. No. 73-1, at 12.
[26] *See id.* at 12–13.

permitted to hear additional calls Mr. Johnson made if they were determined to be helpful to his defense."[27]

"Federal Rule of Evidence 802 provides that '[h]earsay is not admissible unless' a federal statute, rule of evidence, or other rule prescribed by the Supreme Court 'provides otherwise.'" *United States v. Akula*, No. 21-98, 2023 WL 4235568, at *2 (E.D. La. June 28, 2023) (Africk, J.). "While the Rules provide exceptions to the general prohibition against hearsay, they do not provide exceptions for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *Id.* (internal alterations and quotations omitted).

However, the Fifth Circuit has recognized that "Rule 106 'allows the admission of such statements even when they are otherwise barred by the hearsay rules.'" *United States v. Carpenter*, 140 F.4th 733, 740 (5th Cir. 2025) (quoting *United States v. Portillo*, 969 F.3d 144, 176 (5th Cir. 2020)). Rule 106 states that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."

Still, introduction of a writing or statement for completeness pursuant to Rule 106 is required "only when the omitted portion is necessary to qualify, explain, or place into context the portion already introduced." *Carpenter*, 140 F.4th at 740 (internal quotations and alterations omitted); *see also Baker*, 2025 WL 1866022, at *2–3 (noting that the committee notes to Rule 106 state that the amended rule to

---

[27] R. Doc. No. 79, at 4.

allow hearsay statements for completeness "does not give a green light of admissibility to all excised portions of statements. It does not change the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression"). "[T]he Rule 'does not permit a party to introduce . . . additional material to affirmatively advance their own, alternative theory of the case.'" *Baker*, 2025 WL 1866022, at *3 (internal alterations omitted) (quoting *United States v. Herman*, 997 F.3d 251, 264 (5th Cir. 2021)).

To utilize Rule 106, Johnson "must point to the specific statements [he] wants admitted so that the district court can assess their admissibility on fairness grounds." *Id.* (internal references omitted). Johnson has not pointed to specific statements that he seeks to admit pursuant to Rule 106. In more recent filings, it has been indicated that Johnson does not have any additional portions of his statements that he wishes to introduce for completeness.[28] Accordingly, the Court grants the government's motion, retaining its inherent power to revisit the issue should it arise at trial.

### 5.  *Potential Penalties*

In its fifth argument, the government argues that Johnson "should . . . be instructed not to inform the jury of, or discuss, the potential penalties which [he] faces, or the hardships his conviction would place upon him or his family."[29] This would include limiting Johnson's ability to discuss the possibility that conviction

---

[28] *See* R. Doc. No. 136, at 2.
[29] R. Doc. No. 73-1, at 13.

would result in life imprisonment, require him to register as a sex offender, and prevent him from working as a high school teacher in the future.[30] In response, Johnson concedes that such arguments are improper and that no such arguments will be made at trial.[31]

"'It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed' and '[i]nformation regarding the consequences of a verdict is therefore irrelevant to the jury's task.'" *Akula*, 2023 WL 4235568, at *1 (quoting *Shannon v. United States*, 512 U.S. 573, 579 (1994)). "For this reason, courts exclude evidence regarding the personal consequences of a guilty verdict." *Id.*

Consequently, and given Johnson's representation that he will not raise these arguments at trial, the Court dismisses the government's motion as moot. *See Daggs*, 2020 WL 13888143, at *1.

### 6.    *Jury Nullification*

The government seeks to limit Johnson from introducing evidence or making comment or argument that sound in jury nullification.[32] Specifically, the government contends that arguments that are "designed to encourage the jury to ignore their duties, reject the law, and engage in jury nullification" should be blocked from trial,

---

[30] *See id.*
[31] *See* R. Doc. No. 79, at 4.
[32] *See* R. Doc. No. 73-1, at 14–16.

and may be more appropriately raised at sentencing, "outside the presence of the jury."[33]

In response, Johnson argues that this request is "overly broad," and that the Court should defer ruling on the motion until trial because "a blanket ban without definition would certainly be confusing and prejudicial, unduly hampering Mr. Johnson's ability to prepare his case for trial, as well as make arguments for acquittal based on evidence and elements presented (or not presented) at trial."[34] Johnson also notes that a court "must not go too far" in limiting arguments that sound in jury nullification.[35] For example, "a court should not state or imply that (1) jurors could be punished for jury nullification, or that (2) an acquittal resulting from jury nullification is invalid."[36]

The Fifth Circuit has "categorically reject[ed] the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent." *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, at *16 (5th Cir. 2001). "Jury nullification is not a 'right' belonging to the defendant," *id.*, and "[t]he defendant may not invite or encourage the jury to disregard its duty to apply the law as instructed by the Court," *McKoin*, 2025 WL 1126550, at *2 (citing *id.*). *See also United States v. Nicholson*, No. 18-23, 2019 WL 339449, at *1 (S.D. Miss. Jan. 28, 2019) ("Although jury nullification

---

[33] *See id.* at 15–16.
[34] R. Doc. No. 79, at 5.
[35] *See id.*
[36] *Id.* (quoting *United States v. Kleinman*, 880 F.3d 1020, 1032–33 (9th Cir. 2017)).

'is an important part of the jury trial system,' a criminal defendant has no right to 'make an improper argument encouraging the jury to use its de facto power to refuse to apply the law as instructed by the court. . . .'" (quoting *Thompson*, 2001 WL 498430, at *16)).

Recognizing these standards, the Court defers ruling to trial, if and when this issue arises.

### 7.    *Knowledge of Minor Victim's Age*

As for its seventh argument, the government seeks an order preventing Johnson "from asserting at trial that he did not know the age of the victim as it relates to Counts One and Three," because such evidence is "unnecessary" to sustain a conviction as to these counts.[37]

As it pertains to Count 1, the government argues that § 1591(c) provides that "in [a] prosecution under Section 1591(a), where the defendant had 'a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 18 years."[38] Given § 1591(c), the government argues, "while a factual issue surrounds the extent of Johnson's opportunity to observe the Minor Victim, whether he, in fact, knew her age or believed her to be over 18 is not an element of the crime."[39]

---

[37] R. Doc. No. 73-1, at 16.
[38] *See id.* at 17 (quoting 18 U.S.C. § 1591(c)).
[39] *Id.*

14

As for Count 3, the government notes that the statute holds culpable "[a] person who knowingly transports an individual who has not attained the age of 18 years in interstate . . . commerce," without regard to whether that person knew or was mistaken with respect to the individual's age.[40] The government does not seek to limit any evidence pertaining to Johnson's knowledge of minor victim's age with respect to Count 2, recognizing that knowledge of age is an element of that offense.[41]

Defendant agrees with the government's assessment of the elements of Counts 1 and 3 but emphasizes that Johnson's "right to present a defense" with respect to the government's ability to establish the "extent of Johnson's opportunity to observe the Minor Victim" for purposes of § 1591(c) should not be inhibited.[42]

The Court agrees that the statutes at issue for Counts 1 and 3 do not require Johnson to have knowledge of the minor's age. *See United States v. Copeland*, 820 F.3d 809, 814 (5th Cir. 2016) (holding that Congress has imposed strict liability with respect to a victim's age with respect to § 2423(a)); *United States v. Sims*, 11 F.4th 315, 321 (5th Cir. 2021) ("The knowledge or mens rea requirement [of § 1591(a)] can be met in one of three ways: (1) actual knowledge; (2) reckless disregard of the minor's age; or (3) a defendant's reasonable opportunity to observe the minor. The third option regarding observation of the victim has been characterized by this Court as a strict liability option for the Government.").

---

[40] *See id.* at 18.
[41] *See id.* (citing Fifth Circuit Pattern Jury Instructions § 2.93 (2024)).
[42] *See* R. Doc. No. 79, at 6.

The Court also agrees that Johnson must be able to establish the facts relevant to establishing whether he "had a reasonable opportunity to observe" Minor Victim for purposes of § 1591 (c). *See Sims*, 11 F.4th at 321; *see also United States v. Herndon*, No. 21-54, 2025 WL 1410016, at *4 (E.D. Tex. May 13, 2025) ("In the context of [§ 1591], an opportunity to observe a minor victim is a 'reasonable opportunity' when a reasonable person in that situation would perceive the risk that the victim is a minor.").

For these reasons, the Court grants the government's motion narrowly, and only with respect to evidence indicating that Johnson did not know Minor Victim's age with respect to Counts 1 and 3.[43] The Court defers ruling on that portion of the government's motion *in limine* with respect to statements or evidence that may contribute to establishing whether Johnson had a reasonable opportunity to observe Minor Victim.

### 8.    *Impeaching Government Witnesses Through Interview Reports*

The government's last argument seeks to preclude Johnson from impeaching government witnesses with interview reports created by law enforcement agents that summarize interviews conducted with prospective witnesses.[44] The government reasons that "[b]ecause such interview reports do not constitute a witness's statements,"—specifically, because they are not "verbatim recordings of witness

---

[43] Again, as the parties recognize, knowledge of age is an element of the offense charged in Count 2. *See* Fifth Circuit Pattern Jury Instructions (Criminal) § 2.93 (2024). The Court will appropriately instruct the jury with respect to the essential elements of each count.

[44] *See* R. Doc. No. 73-1, at 19.

statements" and "were not signed or adopted by any witnesses"—Johnson "should be precluded from introducing the contents of the reports as a prior inconsistent statement in an attempt to impeach the witness."[45] In addition, the government requests that Johnson be barred from "publishing the contents of the interview reports to the jury, or otherwise suggesting to the jury that the interview report is a statement of the witness."[46] The government concedes that Johnson may ask the witness "whether he or she made a statement that is reflected in an agent's interview report."[47]

In response, Johnson signals his concern that "he will be limited on cross with any ruling on this issue" and that "to set [cross examination] restrictions ahead of time and out of context would have a chilling effect on Mr. Johnson's trial preparation and development of his theory of the case."[48] Furthermore, Johnson states that Federal Rule of Evidence 607 allows him to attack the credibility of any witnesses.[49]

Considering the parties' arguments, the Court adopts the holding and reasoning articulated in *United States v. Crinel*, No. 15-61, 2016 WL 6441249, at *3–4 (E.D. La. Nov. 1, 2016) (Morgan, J.). The parties shall comply with the jurisprudence set forth in *Crinel*.

The government asks the Court to order an evidentiary hearing prior to trial to establish the requisite foundation for these reports, should Johnson wish to

---

[45] *Id.*
[46] *Id.* at 19–20.
[47] *See id.* at 20.
[48] R. Doc. No. 79, at 7.
[49] *See id.*

establish that they may be used to impeach government witnesses.[50] In its discretion, the Court declines to hold a pretrial evidentiary hearing on the matter. Should Johnson seek to admit the interview reports, he must first establish the requisite foundation to their admissibility pursuant to Rule 613.

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the government's motion[51] *in limine* is **GRANTED IN PART, DEFERRED IN PART**, and **DISMISSED IN PART** consistent with the Court's rulings above.

New Orleans, Louisiana, November 7, 2025.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[50] *See* R. Doc. No. 73-1, at 20 n. 5 ("[T]he Government here requests the Court order that, in the event Johnson believes statements in a report meet this requirement, he must request an evidentiary hearing prior to trial to obtain testimony from both the law enforcement agent and the Government witness to establish a proper foundation for the admission of the extrinsic evidence in connection with the cross-examination of the witness who allegedly made the statement.").

[51] R. Doc. No. 73.