UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA     CRIMINAL ACTION

VERSUS     No. 24-221

AARON TEROD JOHNSON     SECTION I

## ORDER

Before the Court is the government's motion[1] *in limine* seeking to exclude evidence of a minor victim's other sexual behavior or predisposition pursuant to Federal Rule of Evidence 412.[2] Defendant Aaron Terod Johnson ("Johnson") filed a response[3] in opposition. For the reasons that follow, the motion is **GRANTED**.

### I. BACKGROUND

Johnson is charged with three counts: sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2) (Count 1); coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count 2); and interstate transportation of a minor for criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (Count 3).

According to the superseding indictment, the minor victim with respect to these crimes was a then-sixteen year old girl ("Minor Victim") who had run away from Monroe, Louisiana, to Vicksburg, Mississippi, some time in or around March 2024.[4] Minor Victim remains a minor as of the date of this order.

---

[1] R. Doc. No. 76.
[2] *Id.*
[3] R. Doc. No. 101, at 1.
[4] *See id.* at 1.

The government indicates that it "anticipates, based on [Johnson's] prior statements, that [he] may attempt to introduce direct or indirect evidence of Minor Victim's prior or subsequent sexual behavior or predisposition."[5] It is the government's position that such evidence is immaterial and unduly prejudicial.[6] Likewise, the government argues that admission of such evidence would violate Federal Rule of Evidence 412.[7]

In his response, Johnson acknowledges the bar articulated in Rule 412 and intends to "follow the law as written."[8] Johnson only contests the government's motion to the extent that it would limit his ability to use such evidence for impeachment purposes, should "any unexpected testimony at trial . . . open the door for impeachment."[9]

## II.  LAW AND ANALYSIS

This Court agrees with the government. Federal Rule of Evidence 412, otherwise known as the "Rape Shield Law," governs the admissibility of a victim's sexual behavior or predisposition in cases involving alleged sexual misconduct, with limited exception. Fed. R. Evid. 412. In either a civil or criminal proceeding involving alleged sexual misconduct, Rule 412 prohibits introduction of: "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." *Id.* The rule, however, also includes exceptions in

---

[5] R. Doc. 76-2, at 1.
[6] *See id.*
[7] *Id.*
[8] R. Doc. No. 101, at 1.
[9] *Id.*

criminal proceedings for certain permissible purposes. Specifically, Rule 412(b) explains that the court "may admit the following evidence in a criminal trial:"

> (A) evidence of specific instances of a victim's sexual behavior if they are offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
>
> (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
>
> (C) evidence whose exclusion would violate the defendant's constitutional rights.

In the instant case, the government anticipates that Johnson may seek to introduce or argue that Minor Victim engaged in commercial sex acts in the past, for the sole purpose of attempting to stigmatize her in front of the jury and vindicate himself as well as punish her for her testimony.[10] This evidence fits squarely within the kind of evidence categorically excluded by Rule 412(a).

Moreover, as the government contends, none of Rule 412(b)'s exceptions are triggered here.[11] As another section of this Court held in *United States v. Jones*,[12] the first exception does not apply because "the elements of the charged statutes do not require a showing of semen, injury, or other physical evidence to the victim." *Cf. id.*; *see also* 18 U.S.C. §§ 1591(a)(1) & (b)(2), 2422(b), 2423(a). Likewise, the second exception does not apply because "the defendant would be barred from the defense of consent because, by law, underage victims cannot consent to sexual activity." *Id.*

---

[10] R. Doc. 76-2, at 4–5.
[11] *Id.* at 3–4.
[12] No. 15-174, 2016 WL 10704518, at *5 (E.D. La. Jan. 28, 2016) (Feldman, J.).

With respect to the third exception, the parties seem to agree that exclusion of this testimony would not "violate [Johnson's] constitutional rights." *Id.* However, to the extent that Johnson argues that his constitutional rights would be implicated at trial if he were prohibited from impeaching Minor Victim if she were to perjure herself regarding such evidence, the Court agrees that such a narrow situation may raise constitutional concerns. *See Virgin Islands v. Jacobs*, 634 F. Supp. 933, 940 (D.V.I. 1986) ("Rule 412's constitutional exception embraces the accused's right to confront his victim with impeachment evidence consisting of prior sexual conduct where the Government first opens the door on this line of cross-examination.").

For these reasons, the Court grants the government's motion and bars Johnson from introducing testimony or evidence of Minor Victim's other sexual behavior or predisposition. Johnson may re-urge his impeachment argument at trial by approaching the bench, should the need arise.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the government's motion[13] *in limine* is **GRANTED.**

New Orleans, Louisiana, November 7, 2025.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　LANCE M. AFRICK
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[13] R. Doc. No. 76.