UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 24-221** |
| **AARON TEROD JOHNSON** | **SECTION I** |

## ORDER

Before the Court is the government's motion[1] *in limine* requesting that the Court take judicial notice of the laws of the State of Louisiana. Defendant Aaron Terod Johnson ("Johnson") filed a response[2] in opposition. For the foregoing reasons, the Court **GRANTS** the government's motion.

### I.   BACKGROUND

The superseding indictment charges Johnson with three counts: sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2) (Count 1); coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count 2); and interstate transportation of a minor for criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (Count 3).[3]

With respect to Count 2, the statute pursuant to which Johnson is charged states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, *to*

---

[1] R. Doc. No. 87.
[2] R. Doc. No. 106.
[3] *See generally* R. Doc. No. 51.

> *engage in prostitution or any sexual activity for which any person can be charged with a criminal offense*, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b) (emphasis added). Likewise, with respect to Count 3, the statute pursuant to which Johnson is charged states:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, *with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense*, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2423(a). In other words, both counts contemplate reference to one or more underlying criminal laws. *See* §§ 2422(b), 2423(a).

The superseding indictment references two Louisiana state criminal statutes.[4] In Count 2, the superseding indictment references Louisiana Revised Statute § 14:80, and in Count 3, the superseding indictment references Louisiana Revised Statute § 14:82.[5]

The government asks this Court to take judicial notice of "the existence and text of those laws."[6] The government also provides in its motion the specific portions of both Louisiana statutes it asks the Court to take judicial notice of, and it asks the Court to instruct the jury of the same.[7] Specifically, it asks the Court to "take judicial notice and instruct the jury as follows:"

---

[4] *See id.*
[5] *Id.* at 2–3.
[6] *See* R. Doc. No. 87-2, at 1.
[7] *See id.* at 1–2.

Felony carnal knowledge of a juvenile, La. R.S. § 14:80

### § 80.  Felony carnal knowledge of a juvenile.

A.  Felony carnal knowledge of a juvenile is committed when:

(1) A person who is seventeen years of age or older has sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater.

B.  As used in this Section, "sexual intercourse" means anal, oral, or vaginal sexual intercourse.

C.  Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary, and penetration, however slight, is sufficient to complete the crime.

Prostitution; definition; penalties; enhancement, La. R.S. § 14:82

### § 82 Prostitution; definition; penalties; enhancement.

A. Prostitution is:

(1) The practice by a person of indiscriminate sexual intercourse with others for compensation.

(2)  The solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation.[8]

Johnson acknowledges that the government "has stated the law correctly" with respect to both Louisiana statutes.[9] However, Johnson asks this Court to take judicial notice of the fact that § 14:82 "is initially a misdemeanor charge."[10] In addition,

---

[8] *See id.*
[9] *See* R. Doc. No. 103, at 1.
[10] *See id.*

Johnson objects to the government "arguing what it believes Louisiana law says, and instead to let the statue(s) speak for itself, as it is the best evidence."[11]

## II.   LEGAL STANDARDS

Federal Rule of Evidence 201 governs the court's power to take judicial notice of adjudicative facts. FED. R. EVID. 201. Rule 201, however, does not apply to legislative facts. *See* FED. R. EVID. 201(a) ("This rule governs judicial notice of an adjudicative fact only, not a legislative fact."); *see also Quatrevingt v. Landry*, No. 19-1171, 2019 WL 4112051, at *6 (E.D. La. Aug. 29, 2019) (Milazzo, J.). "Adjudicative facts are simply the facts of the particular case," whereas, "[l]egislative facts . . . are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *See* FED. R. EVID. 201 advisory committee's note to 1972 proposed rules; *see also Quatrevingt*, 2019 WL 4112051, at *6.

It is not that Rule 201 "prohibit[s] a court from taking judicial notice of legislative facts, it simply does not govern them." *Stukenberg v. Abbott*, No. 11-84, 2017 WL 74371, at *3 (S.D. Tex. Jan. 9, 2017) (citing FED. R. EVID. 201 advisory committee's note to 1972 proposed rules); *see also Matter of Waller Creek, Ltd.*, 867 F.2d 228, 238 n. 14 (5th Cir. 1989) (endorsing the court's power to take judicial notice of legislative facts). This means a court can take judicial notice of legislative facts without having to satisfy any of the requirements of Rule 201. *See id.*; *see also*

---

[11] *See id.* (citing FED. R. EVID. 1002).

4

*Quatrevingt*, 2019 WL 4112051, at *6 ("Plaintiff therefore asks this Court to take notice of a legislative fact rather than an adjudicative fact, meaning his request is not governed by Rule 201."); *see also Waller Creek*, 867 F.2d at 238 n. 14 ("The power of a federal court to take judicial notice of legislative facts is less constrained than its power to take notice of adjudicative facts.") (taking judicial notice of a city ordinance). This is because "legislative facts present a 'higher degree of indisputability,' and judges possess skills particularly suited to determining what the applicable law is in a given case." *Waller Creek*, 867 F.2d at 238 n. 14 (quoting 10 J. Moore & H. Bendix, Moore's Federal Practice).

It is well-settled that a federal court may take judicial notice of state statutes. *See Lamar v. Micou*, 114 U.S. 218, 223 (1885) ("The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof."); *see also United States v. White*, 258 F.3d 374, 382 n.9 (5th Cir. 2001) (taking judicial notice of Texas law) (citing *Lamar*, 114 U.S. at 223)); *Greenwald v. Cantrell*, 675 F. Supp. 3d 709, 716 n. 20 (E.D. La. 2023) (Milazzo, J.) ("[T]his Court can take judicial notice of Louisiana statutes.").

### III.   ANALYSIS

Having reviewed La. Rev. Stat. §§ 14:80 and 14:82, the Court agrees with the parties that the government accurately stated the text of both Louisiana statutes.

5

Accordingly, the Court takes judicial notice of the same. *See Lamar*, 114 U.S. at 223; *White*, 258 F.3d at 382 n. 9.

In contrast, although the Court finds that it may take judicial notice of the fact that La. Rev. Stat. 14:80 is a misdemeanor, *cf. United States v. Williams*, 442 F.3d 1259, 1261 (10th Cir. 2006) (finding that the district court properly took judicial notice of the legislative fact that a certain statute was a felony), the Court declines to do so. The element of §§ 2422(b) and 2423(a) that relies on these state statutes does not turn on whether the charge is a misdemeanor or a felony. *See* §§ 2422(b), 2423(a) (requiring that the defendant "engage in" or intend that another "engage in . . . any sexual activity for which any person can be charged with a criminal offense"). The fact that La. Rev. Stat. 14:80 is a misdemeanor is therefore irrelevant to Johnson's case. *Cf. McVea v. Swan*, No. 14-73, 2014 WL 4471529, at *3 (W.D. Tex. Sept. 10, 2014) (declining to judicially notice the text of state statutes that were "completely irrelevant" to the plaintiff's case). The Court finds it inappropriate to take pretrial judicial notice of such fact at this time.

Lastly, the Court finds that Johnson's invocation of the best evidence rule is misplaced. The Louisiana statues are part of the applicable law in this case as elements of the crimes with which Johnson is charged. *See, e.g.*, Fifth Circuit Pattern Jury Instructions § 2.91. The Court will instruct the jury as to the applicable law, including the elements of the Louisiana state statutes alleged in the indictment, and those instructions will control the jury's deliberations. *See id.* at § 1.01 (preliminary

6

instructions including that the Court "will give [the jury] detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decisions"); *see also id.* at § 2.91 (including a description of the "elements of the crime as alleged in the indictment" in the pattern instructions for 28 U.S.C. § 2422(b)).

Federal Rule of Evidence 1002, "commonly known as the best evidence rule, provides that '[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.'" *United States v. Cash*, No. 24-10243, 2025 WL 2268249, at *7 (5th Cir. Aug. 8, 2025) (quoting FED. R. EVID. 1002). The government has not indicated, and the Court does not foresee, that the government will introduce testimony or other evidence to prove what "Louisiana law says."[12] Put differently, there is no indication at this stage that the government intends to introduce testimonial evidence "in order to prove [the statutes'] content[s]." FED. R. EVID. 1002; *see also Cash*, 2025 WL 2268249, at *7 ("The best evidence rule 'comes into play only when the terms of a writing are being established,' not when a witness's testimony is based on personal knowledge." *Id.* (quoting *Kiva Kitchen & Bath Inc. v. Cap. Distrib. Inc.*, 319 F. App'x 316, 322 (5th Cir. 2009)).

To the extent that Johnson seeks to limit the government's ability to misrepresent the law in argument, the Court reminds the government that it may not misstate the law. *See United States v. Loeffel*, 172 F. App'x 612, 618 (5th Cir.

---

[12] R. Doc. No. 103, at 1.

7

2006) (finding improper the prosecutor's remark during closing argument that misstated the law).

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the government's motion[13] *in limine* is **GRANTED**. The Court hereby judicial notice of La. Rev. Stat. § 14:80 and La. Rev. Stat. § 14:82.

New Orleans, Louisiana, November 7, 2025.

*[signature]*

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[13] R. Doc. No. 87.