# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 24-221** |
| **AARON TEROD JOHNSON** | **SECTION I** |

## ORDER

Before the Court is the government's motion[1] *in limine* seeking a preliminary determination of the admissibility of evidence pursuant to the business records exception to the hearsay rule, Rule 803(6), and recognition that the birth certificates of the two minor victims are self-authenticating records pursuant to Federal Rule of Evidence 902. Defendant Aaron Terod Johnson ("Johnson") filed a response[2] in opposition. For the foregoing reasons, the Court **GRANTS** the government's motion.

## I.    BACKGROUND

As is relevant to this motion, Johnson is charged with three counts: sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2) (Count 1); coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count 2); and interstate transportation of a minor for criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (Count 3).[3] All three counts involve the same minor victim ("Minor Victim"),[4] and one of the birth certificates that the

---

[1] R. Doc. No. 88.
[2] R. Doc. No. 106.
[3] *See generally* R. Doc. No. 51.
[4] *See id.*

government seeks recognition of belongs to Minor Victim.[5] The other birth certificate belongs to a minor victim who is the subject of evidence that the government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b) ("Minor Victim 2").[6]

On October 8, 2025, after the government filed the present motion *in limine*, Johnson agreed to stipulate to the authenticity of all the requested business records, "retaining his rights to challenge the admissibility of the items on any other permissible grounds."[7] However, Johnson refused to stipulate with respect to the authenticity of the minor victims' birth certificates.[8] He explains that because the birth certificates "would prove an element of the crimes with which he is charged. . . . he cannot offer any stipulations relative to those items."[9] Accordingly, the only remaining issue before the Court with respect to this motion *in limine* is whether the minor victims' birth certificates qualify as self-authenticating records.

## II.    LEGAL STANDARDS

Pursuant to Federal Rule of Evidence 902, certain "items of evidence are self-authenticating," meaning, "they require no extrinsic evidence of authenticity in order to be admitted." FED. R. EVID. 902. One such type of self-authenticating evidence includes "Domestic Public Documents That Are Sealed and Signed." FED. R. EVID. 902(1). Such documents are ones that bear:

> (A)  a seal purporting to be that of the United States; any state, district,
>       commonwealth, territory, or insular possession of the United States;

---

[5] *See* R. Doc. No. 88-1, at 7–8.
[6] *See id.*; *see also* R. Doc. No. 72, at 1.
[7] *See* R. Doc. No. 106, at 1.
[8] *See id.*
[9] *See id.* at 2.

the former Panama Canal Zone; the Trust Territory of the Pacific
Islands; a political subdivision of any of these entities; or a
department, agency, or officer of any entity named above; and

(B) a signature purporting to be an execution or attestation.

FED. R. EVID. 902(1).

## III.    ANALYSIS

In its motion, the government explains that it intends to admit the birth
certificates of Minor Victim and Minor Victim 2 without the testimony of a custodian
of record from the Louisiana Department of Health and Hospitals.[10] The government
represents that both birth certificates were produced to defense counsel.[11] The
government also states that both documents were "provided to the Government by
the Louisiana Department of Health and contain both a raised seal of a department
of the State of Louisiana and a 'signature purporting to be an execution or
attestation.'"[12] Johnson does not contest any of these representations made by the
government.[13]

Because the documents conform to the requirements of Rule 902(1), the Court
finds that, pursuant to Rule 902, the signed and sealed birth certificates are self-
authenticating and require no extrinsic evidence of authenticity for admission. *See
United States v. Jones*, No. 15-174, 2016 WL 10704381 (E.D. La. Feb. 17, 2016)
(Feldman, J.) (finding that the birth certificates of two minor victims were self-
authenticating in a sex trafficking of a minor case because "[t]he United States

---

[10] *See* R. Doc. No. 88-1, at 7.
[11] *See id.*
[12] *See id.* (quoting FED. R. EVID. 902(1)(B)).
[13] *See generally* R. Doc. No. 106.

submit[ed] that both birth certificates were produced to defense counsel in redacted form, were provided to the government by the respective governmental entities, and contain a seal of a department of the respective department of State and a 'signature purporting to be an execution or attestation'").

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the government's motion[14] *in limine* is **GRANTED**. The Court hereby recognizes that the two birth certificates of the minor victims are self-authenticating.

New Orleans, Louisiana, November 7, 2025.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. No. 88.