U **UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                            **No. 24-221**

**AARON TEROD JOHNSON**                              **SECTION I**

<u>**ORDER AND REASONS**</u>

Before the Court is defendant Aaron Terod Johnson's ("Johnson") motion[1] *in limine* to bar the government from improper closing argument. The government filed a response.[2] For the reasons that follow, the Court **DISMISSES AS MOOT** Johnson's motion.

## I.    BACKGROUND

Johnson seeks to bar the government from making "any inappropriate closing argument,"[3] and objects to any improper remark or argument "on all of the following grounds:"

> violation of the federal due process requirements that the government shoulder the full burden of proof; infringement on due process' fundamental fairness guarantee; F.R.E. 403, which forbids offering evidence that is more prejudicial than probative; evidence in the record; that the government not to appeal to prejudice; and any other applicable law.[4]

He focuses his motion on three "particularly harmful and particularly common" varieties of improper closing arguments that the prosecution may allegedly make.[5]

---

[1] R. Doc. No. 93.
[2] R. Doc. No. 105.
[3] R. Doc. No. 93-1, at 3.
[4] *Id.* at 2–3.
[5] *See id.* at 3.

First, he argues that the prosecution cannot invoke the authority of the government to bolster its case.[6] Second, that the prosecution cannot appeal to prejudice by referring to the social impact of the crime.[7] Third, that the prosecution is forbidden from attacking defense counsel and the defense strategy.[8] Johnson argues that limiting the government now, rather than at trial, preserves judicial efficiency, ensures that "the flow of closing argument is not disrupted by preventable objections," and prevents the jury from hearing "improper and inflammatory remarks" that it cannot unhear.[9]

The government contends that Johnson's request is "unnecessarily broad, generic, and lacks sufficient support."[10] For one, it argues, Johnson's motion lacks "an explanation for why he believes that the government may engage in the actions that are the basis of his motion."[11] According to the government, Johnson's motion "simply asks that the Court order the government to refrain from garden variety impropriety," and because the government is "well aware of its obligations under the law, evidentiary rules, and Federal Rules of Criminal Procedure, and it has no intent to run afoul of any during its closing argument," the Court should deny Johnson's motion as moot, overbroad, untimely, and premature.[12]

---

[6] *Id.*

[7] *Id.* at 3–4.

[8] *Id.* at 4.

[9] *See* R. Doc. No. 93, at 3 ("After all, 'a rung bell cannot be unrung.'" (quoting *United States v. Singh*, 922 F.2d 1169, 1172 (5th Cir. 1991)).

[10] R. Doc. No. 105, at 1.

[11] *See id.* at 2.

[12] *See id.* at 3.

## II.    LEGAL STANDARDS

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Baker v. City of McKinney, Texas*, 608 F. Supp. 3d 457, 461 (E.D. Tex. 2022). The purpose is not "to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion in limine." *Raju v. Murphy*, No. 17-357, 2022 WL 1608043, at *1 (S.D. Miss. May 21, 2022); *see also Babin v. Plaquemines Par.*, 421 F. Supp. 3d 391, 395 (E.D. La. 2019) (Vitter, J.) ("According to the Fifth Circuit, the purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977))).

For this reason, motions in limine should "raise only issues likely to arise at trial that require a pretrial ruling due to their complexity or the possibility of prejudice if raised in a contemporaneous objection." *Snider v. New Hampshire Ins. Co.*, No. 14-2132, 2016 WL 9412608, at *1 (E.D. La. Oct. 27, 2016) (Morgan, J.); *see also McMillian v. Aberdeen Sch. Dist.*, 22-117, 2024 WL 170764, at *1 (N.D. Miss. Jan. 16, 2024) (denying the defendant's motion *in limine* because "the matters raised

in the [motion] concern well-settled principles of law" and therefore "fall below the threshold for an appropriate motion *in limine*").

## III.    ANALYSIS

Because the government concedes that it will not make improper arguments identified by Johnson in his motion, the motion is dismissed as moot. Moreover, the Court finds Johnson's motion is overly broad in that it does not demonstrate how the arguments he seeks to preclude are "likely to arise at trial" or that any specific government argument may be so "highly prejudicial" that an instruction that the jury disregard the same would be insufficient. Rather, Johnson articulates well-settled principles of law that are inappropriate for a motion in limine. *Cf. McMillian*, 2024 WL 170764, at *1.

To be clear, the Court expects the government to refrain from making improper remarks or argument. This includes, but is not limited to, any: expression of "personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant;"[13] "golden rule" arguments;[14] and personal attacks on defense

---

[13] *See, e.g.*, *United States v. Gracia*, 522 F.3d 597, 601 (5th Cir. 2008) ("A prosecutor may argue fair inferences from the evidence that a witness has no motive to lie, but cannot express a personal opinion on the credibility of witnesses."); *id.* ("The subject remarks of [the] prosecutor share the same basic flaw: A prosecutor's impermissible assertion of his own credibility, or that of the government, to bolster the credibility of a witness."); *United States v. Delgado*, 672 F.3d 320, 336 (5th Cir. 2012) (en banc) ("The prohibition on giving personal opinions prevents a prosecutor from giving the jury the impression that he has superior knowledge of the facts based on private information not admitted into evidence.").

[14] *See, e.g.*, *United States v. Gaspard*, 744 F.2d 438, 441 (5th Cir. 1984) (finding "objectionable" the prosecutor's statement that "put[] the jury in the role of the victim"). *But see United States v. Jefferson*, 258 F.3d 405, 412 (5th Cir. 2001) (finding

counsel.[15] The Court has no reason to anticipate any such inappropriate arguments by government counsel.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Johnson's motion[16] *in limine* is **DISMISSED AS MOOT**.

New Orleans, Louisiana, November 7, 2025.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

insufficiently prejudicial "the prosecution's statement, '[i]t could have been any woman in this courtroom, any woman in this city'") ("Even assuming that the statement violated the Golden Rule, we do not find it to be sufficiently prejudicial to warrant the granting of a new trial.").

[15] *See, e.g.*, *United States v. Diaz-Carreon*, 915 F.2d 951, 958 (5th Cir. 1990) (finding the prosecutor's comment that "if there's a zealot in this particular courtroom, it's the defense attorney. Thank God he's a defense attorney and not part of the Government," was "not only improper" but also "disgraceful"); *United States v. Barnes*, 979 F.3d 283, 299 (5th Cir. 2020) ("Attacking defense counsel was unwarranted, unprovoked, and irrelevant. The district court therefore correctly concluded that the prosecution's remarks during rebuttal were improper."). *But see United States v. Boyd*, 773 F.3d 637, 645 (5th Cir. 2014) (affirming where prosecutor remarked that the defendant's legal theory was "one of the most preposterous things I've ever heard in my life" and "one of the dumbest things I have ever heard").

[16] R. Doc. No. 93.

5