UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 24-221** |
| **AARON TEROD JOHNSON** | **SECTION I** |

## ORDER AND REASONS

Defendant Aaron Terod Johnson ("Johnson") was charged in a three-count superseding indictment with sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2) (Count 1), coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count 2), and interstate transportation of a minor for criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (Count 3).[1] At the close of the government's case during trial, Johnson orally moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a), which this Court denied. On December 10, 2025, Johnson was convicted as to Counts 1 and 2 and acquitted as to Count 3.[2]

Shortly thereafter, on December 24, 2025, Johnson timely filed the motion[3] for judgment of acquittal and new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33, now before the Court. The thrust of his motion is that the government's evidence is insufficient to prove beyond a reasonable doubt that he had the requisite

---

[1] *See generally* R. Doc. No. 51.
[2] *See* R. Doc. No. 169.
[3] R. Doc. No. 173.

*mens rea* with respect to Minor Victim's age.[4] The government filed a response[5] in opposition, in which it argues that it presented ample evidence demonstrating that Johnson believed and had "actual knowledge" of Minor Victim's age.[6] Having considered the motion and the parties' arguments, the Court denies Johnson's motion.

## I. LEGAL STANDARDS

### a. Rule 29

Federal Rule of Criminal Procedure 29 allows a defendant to move for "judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). "A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c).

"Moving for a judgment of acquittal is considered to be a challenge to the sufficiency of the evidence." *United States v. Zamora-Salazar*, 860 F.3d 826, 831 (5th Cir. 2017). When the challenge is to the sufficiency of the evidence supporting the conviction, "the question is whether *any* rational trier of fact could have found the essential elements of the crime beyond reasonable doubt." *Id.* (internal quotations

---

[4] *See* R. Doc. No. 173-1, at 3–4.
[5] R. Doc. No. 174.
[6] *Id.* at 1, 8–9. The government notes, correctly, that it was not necessary to prove actual knowledge as to Count 1. *See id.* at 10 ("Though the government proved the defendant's actual knowledge of the victim's age, the evidence far exceeded the government's burden with respect to Count One (sex trafficking)."). The government rather was only required to prove beyond a reasonable doubt that Johnson recklessly disregarded Minor Victim's age or that he "had a reasonable opportunity to observe" Minor Victim. *See* 18 U.S.C. §§ 1591(a); (c).

omitted) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *United States v. Akula*, No. 21-98, 2024 WL 363348, at *2 (E.D. La. Jan. 31, 2024) (Africk, J.). "The same test applies whether the Government's case depends on direct or entirely circumstantial evidence." *U.S. v. Mitchell*, No. 10-284, 2012 WL 1118599, at *3 (E.D. La. Apr. 3, 2012) (Vance, J.).

"To uphold the conviction, there is no requirement that the evidence exclude every possible 'hypothesis of innocence.'" *Zamora-Salazar*, 860 F.3d at 832. Indeed, "[a] jury is free to choose among reasonable constructions of the evidence." *Id.* The court must determine "whether the jury made a 'rational decision,' not 'whether the jury correctly determined guilt or innocence.'" *Id.* The reviewing court does not weigh the evidence or make credibility determinations. *See id.*; *United States v. Burch*, No. 24-40540, 2025 WL 1898363, at *1 (5th Cir. July 9, 2025), *cert. denied*, No. 25-5897, 2025 WL 3260254 (U.S. Nov. 24, 2025) ("[The court] do[es] not reweigh evidence or second guess the jury's credibility choices.").

A review of the sufficiency of the evidence is "highly deferential" to the jury's verdict, and all reasonable inferences and credibility choices are to be made in support of conviction. *United States v. Isgar*, 739 F.3d 829, 835 (5th Cir. 2014); *see also United States v. Bates*, 850 F.3d 807, 810 (5th Cir. 2017); *Akula*, No. 21-98, 2024 WL 363348, at *2. "If the jury was presented with sufficient evidence to support its verdict, the verdict must be upheld." *Zamora-Salazar*, 860 F.3d at 832.

### b. *Rule 33*

Federal Rule of Criminal Procedure 33(a) states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." FED. R. CRIM. P. 33(b)(2).

"Broadly speaking, Rule 33 is exercised in two situations." *United States v. Crittenden*, 46 F.4th 292, 296 (5th Cir. 2022) (citing *United States v. Hoffman*, 901 F.3d 523, 552 (5th Cir. 2018)). "One is when error infects the trial—perhaps the erroneous admission or exclusion of evidence, inflammatory comments by a lawyer, or faulty jury instructions." *Id.* (citing *Hoffman*, 901 F.3d at 552–54). "A new trial request can . . . be based on procedural problems with the trial if they caused a miscarriage of justice." *Hoffman*, 901 F.3d at 552.

"The other is when the court believes the evidence weighs 'heavily against the verdict.'" *Crittenden*, 46 F.4th at 296 (citing *United States v. Robertson*, 110 F.3d 1113, 1118 (5th Cir. 1997)). Unlike in the Rule 29 context, where the evidence must be viewed in the light most favorable to the verdict, a court deciding whether to grant a new trial on this second ground may "weigh the evidence and may assess the credibility of the witnesses during its consideration." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008); *see also Crittenden*, 46 F.4th at 296–97. However, "the judge cannot entirely usurp the jury's function and set aside the verdict merely because the court would have ruled the other way." *Crittenden*, 46 F.4th at

297. To be sure, "[a] judge's power to grant a new trial based on a different assessment of the evidence must be exercised with caution and invoked only in exceptional cases." *Id.* (internal citations omitted)).

The Fifth Circuit has emphasized that "[o]rdering a new trial is no small matter" and has held that "for a district court to disturb a jury's verdict and order a new trial, the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Meyer*, 63 F.4th 1024, 1039 (5th Cir. 2023); *see also Crittenden*, 46 F.4th at 297 (quotation omitted) ("If the Court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the court may set aside the verdict and grant a new trial . . . ."). "Motions for new trial are disfavored and must be reviewed with great caution." *United States v. McRae*, 795 F.3d 471, 478 (5th Cir. 2015).

## II.  ANALYSIS

Considering the evidence introduced at trial, which the government thoroughly presented in its response[7] and which the Court hereby adopts, the Court finds that the jury's verdict with respect to Counts 1 and 2 was rational and sufficiently supported by the evidence and must be upheld. *See Zamora-Salazar*, 860 F.3d at 832. The Court is not persuaded by the evidence Johnson points to in his motion that he believes is contrary to the verdict nor the evidence that Johnson states was not

---

[7] *See* R. Doc. No. 174.

5

presented and was necessary to sustain the verdict.[8] Notwithstanding this evidence, the Court finds that based on all the evidence presented at trial, a "rational trier of fact could have found the essential elements of the crime[s] beyond reasonable doubt," including, specifically, the elements of Counts 1 and 2 regarding Johnson's *mens rea* with respect to Minor Victim's age. *See id.* ("A jury is free to choose among reasonable constructions of the evidence.").

Likewise, the Court cannot conclude that the evidence presented at trial, including the evidence that Johnson highlights in his motion, "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Meyer*, 63 F.4th at 1039. Consequently, the Court finds that Johnson's motion for judgment of acquittal and new trial fails whether analyzed pursuant to Rule 29 or Rule 33.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Johnson's motion[9] is **DENIED**.

New Orleans, Louisiana, January 14, 2026.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[8] *See* R. Doc. No. 173-1, at 3–4.
[9] R. Doc. No. 173.