RECEIVED
JUL 2 2 2026
CHAMBERS OF U.S. DISTRICT JUDGE LANCE M. AFRICK

U.S. DISTRICT COURT EASTERN DISTRICT OF LOUISIANA
FILED Jul 22 2026
CAROL L. MICHEL CLERK
cf Mail

1/5

United States of America v. Aaron Terod Johnson
United States District Court
Eastern District of Louisiana
Case No: 2:24-cr-00221-LMA-KWR
Section: I
Judge: Lance M. Africk 7-17-26

Motion to Correct Judgement Pursuant to Federal Rules of Criminal Procedure 36

Now into COURT comes Defendant, Aaron Terod Johnson, appearing Pro Se, moving this Court to correct Judgement rendered on July 7, 2026, arising from oversight. The Judgement was based on what the Court perceived to be a motion for reconsideration of a denial of motion to dismiss rendered on July 1, 2026. Because no motion for reconsideration had been filed by defendant who is counsel of record at that point, the Court's erroneous ruling arose from clear oversight. What the Court perceived to be a motion for reconsideration was actually a grammatically corrected copy of the motion sent to the Court as a courtesy merely for the sake of correction and nothing more. This was done out of respect for the Court. The motion's purpose was included in the corrected copy. It should be evident that this copy

was not intended to be a reconsideration motion because it was not titled as such and is dated the same as the original copy. It should be noted that defendant did not receive notice of the denials until July 14, 2026. This is documented in inmate mail logs at Plaquemines Parish Detention Center. This ensures the Court that I could not file a motion for reconsideration of a denial of motion to dismiss that I had not yet received. Both copies of the motion to dismiss was mailed to the Court well before the Court made the first ruling on July 1, 2026. This is also documented in inmate mail logs at Plaquemines Parish Detention Center; thus, it was completely impossible for me to file a motion of reconsideration of a denial of motion to dismiss before the Court could rule in its first decision.

An official motion for reconsideration of the denial of motion to dismiss has been prepared an filed by defendant on July 17, 2026. The motion is dated July 16, 2026. This reconsideration motion was filed after I first received notice of the

Court's ruling on July 14, 2026. As a proper motion filed by counsel of the record, the Court must base it's reconsideratio on said motion. The Court must disregard what it perceived to be a motion for reconsideration prior to the reconsideration motion prepared by and officially filed by counsel of the record on July 17, 2026. The reconsideration motion filed by defendant on July 17, 2026, contains one minor typographical error. The reconsideration motion cites Federal Rules of Criminal procedure 12(b)(1) when it should cite 12 (b)(2). 12(b)(2) governs motions for lack of subject-matter Jurisdiction which is the focus of the motion to dismiss. This is merely a typographical error that should not be of any confusion to the Court. Because the Court has common knowledge that the current stage of litigation is well pass the trial stage in December 2025, it should be obvious to the Court that the reconsideration motion is not citing a rule that governs "pre-trial motions". The motion to dismiss is based on Federal Rules of Criminal Procedure 12(b)(2) for lack of subject-matter Jurisdiction. The official motion for reconsideration of the

motion to dismiss re-emphasizes the procedural requirements for a question of subject-matter Jurisdiction. Because a motion for lack of subject-matter Jurisdiction can be raised at any moment in litigation of a pending case, the Court should not be confused by the 12(b)(1) citation that should be 12(b)(2). The fact that a lack of subject-matter Jurisdiction motion can be filed at any time renders this mere typographical error inconsequential. The Court has common knowledge that motions that the Court lacks Jurisdiction is governed by 12(b)(2) and should apply the procedure pertaining to Rule 12(b)(2) as it is obligated to do as a matter of law.

Federal Rules of Criminal Procedure 36 states that after giving any notice it considers appropriate, the Court may at any time correct a clerical error in Judgement, order, or other part of the record, or correct an error in the record arising from oversight or omission. The Court perceiving the second copy of the Motion to dismiss for lack of Subject-Matter Jurisdiction to be a motion for reconsideration of denial of said motion is a clear clerical error in Judgement and

Oversight on the part of the Court. Both copies of the motion was mailed to the Court well before the Court could even make it's initial ruling on July 1, 2026; thus, it is absolutely impossible to file a motion for reconsideration of a motion that the Court had not yet denied.

For the foregoing reasons, the Court must correct Judgement and base it's reconsideration on the motion for reconsideration prepared by and officially filed by counsel of record which is defendant, Aaron Terod Johnson ProSe. The motion was prepared on July 16, 2026 and sent out for mailing on July 17, 2026.

To maintain the integrity of this motion, several copies have been made.

Respectfully Submitted

Aaron Johnson

Aaron Terod Johnson ProSe
Defendant
7-17-26